UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARISELA VEGADURAN, Plaintiffs, et. al., v. UNITED STATES OF AMERICA, et al. Defendants. | No. 2:26-cv-01832-CKD<br><br>ORDER |

This matter is before the court on Plaintiffs' motion for appointment as guardian ad litem for minor Plaintiffs MSV, ESV, and BSV. (ECF No. 4.) No opposition to the pending motion has been filed, although the Court notes defendants have not appeared. Because the motion does not comply with Local Rule 202, the motion will be denied without prejudice to the filing of a revised motion. The hearing set on this matter is vacated.

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." Robidoux v. Rosengren, 638 F.3d 1177, 1181 (9th Cir. 2011). To that end, Rule 17 provides that "[t]he court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2).

The appointment of the guardian ad litem is more than a mere formality. United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cnty., State of Wash., 795 F.2d 796, 805

(9th Cir. 1986). The guardian need not possess special qualifications but must "be truly dedicated to the best interests of the person" on whose behalf the guardian seeks to litigate. AT&T Mobility, LLC v. Yeager, 143 F. Supp. 3d 1042, 1054 (E.D. Cal. 2015) (quoting Whitmore v. Arkansas, 495 U.S. 149, 163-64 (1990)).

In this district, Local Rule 202 further provides, in pertinent part:

> Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor ... the attorney representing the minor or incompetent person shall present ... a motion for the appointment of a guardian ad litem by the Court, or ... a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person.

Local Rule 202(a) (citing Fed. R. Civ. P. 17(c)). Local Rule 202 also requires a disclosure of the attorney's interest, specifically requiring the following:

> When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount.

Local Rule 202(c).

Plaintiffs' counsel has not provided the disclosure of attorney's interest required by Local Rule 202(c). For this reason, the court will deny Plaintiffs' motion to appoint guardian ad litem without prejudice to the filing of a revised motion.

In accordance with the above, IT IS ORDERED as follows:

1. The hearing set for August 12, 2026, is VACATED; and
2. Plaintiffs' motion to appoint guardian ad litem (ECF No. 4) is DENIED without prejudice to renewal in compliance with the requirements of Local Rule 202(c).

Dated: August 4, 2026

Carolyn K. Delaney

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 vega26cv1832.gal