UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARISELA VEGADURAN,

Plaintiffs, et. al.,

v.

UNITED STATES OF AMERICA, et al.

Defendants.

No. 2:26-cv-01832-CKD

ORDER

This matter is before the court on plaintiffs' renewed motion for appointment as guardian ad litem for minor plaintiffs MSV, ESV, and BSV. (ECF No. 8.) Pursuant to Local Rule 230(g), the motion is taken under submission to be decided on the papers. For the reasons explained below, the court will grant the motion and appoint Marisela Vegaduran as guardian ad litem for minor plaintiffs MSV, ESV, and BSV in this case.

Under Rule 17 of the Federal Rules of Civil Procedure, "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." "The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). A representative of a minor or incompetent person may sue or defend on behalf of the minor or incompetent person. Fed. R. Civ. P. 17(c).

////

The appointment of the guardian ad litem is more than a mere formality. United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cnty., State of Wash., 795 F.2d 796, 805 (9th Cir. 1986). A court shall take whatever measures it deems appropriate to protect the interests of the individual during the litigation. Id. The guardian need not possess special qualifications but must "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." AT&T Mobility, LLC v. Yeager, 143 F. Supp. 3d 1042, 1054 (E.D. Cal. 2015) (quoting Whitmore v. Arkansas, 495 U.S. 149, 163-64 (1990)).

In this district, Local Rule 202(a) further provides, in pertinent part:

> Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor ... the attorney representing the minor or incompetent person shall present ... a motion for the appointment of a guardian ad litem by the Court, or ... a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person.

L.R. 202(a) (citing Fed. R. Civ. P. 17(c)). Local Rule 202 also requires disclosure of the attorney's interest, specifically requiring the following:

> When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount.

L.R. 202(c).

Here, plaintiff Marisela Vegaduran states she is the mother of minor plaintiffs MSV, ESV, and BSV. (ECF No. 8-2.) Plaintiff Marisela Vegaduran states she is willing to serve as the guardian ad litem for the minor plaintiffs, is competent to understand and protect their rights, and has no adverse interests. (Id.) Based on these representations, and a review of the operative complaint, the court finds plaintiff Marisela Vegaduran has no conflict of interest with minor plaintiffs MSV, ESV, and BSV. See J.M. v. Liberty Union High Sch. Dist., No. 16-cv-05225-LB, 2016 WL 4942999, at *2 (N.D. Cal. Sep. 16, 2024) ("Generally, when a minor is represented by a parent who is a party to the lawsuit and who has the same interests as the child there is no

inherent conflict of interest."). Thus, the court finds plaintiff Marisela Vegaduran to be an appropriate guardian ad litem.

In addition, in a disclosure of attorney's interests, plaintiffs' counsel Quinn D. Graham indicates his law firm is retained on a pure contingency fee basis and did not become involved in this action, directly or indirectly, at the instance of any defendant or any person or entity affiliated with any defendant, and that plaintiff's counsel has no relationship with any defendant. (ECF No. 8 at 3.) Accordingly, the requirements of Local Rule 202 are satisfied.

Good cause appearing, IT IS ORDERED as follows:

1. The hearing set to take place on September 30, 2026, is VACATED.
2. The renewed motion for appointment of plaintiff Marisela Vegaduran as guardian ad litem for minor plaintiffs MSV, ESV, and BSV (ECF No. 8) is GRANTED.
3. Plaintiff Marisela Vegaduran is appointed to act as guardian ad litem for minor plaintiffs MSV, ESV, and BSV, and is authorized to prosecute the action on their behalf.

Dated: September 25, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 vega26cv1832.gal2